UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

IVORY SIMON                                    CIVIL ACTION NO. 15-1882

VERSUS                                         U.S. DISTRICT JUDGE DRELL

TIM MORGAN, Warden, et al

                                               U.S. MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a  motion by plaintiff for a temporary restraining order  [**Doc. # 3**].

Plaintiff seeks an order requiring various persons to stop impeding his access to the court. Rule 65

of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)     A temporary restraining order may be granted without written
> or oral notice to the adverse party or that party's attorney only
> if (1) it clearly appears from specific facts shown by affidavit
> or by the verified complaint that immediate and irreparable
> injury, loss or damage will result to the applicant before the
> adverse party or that party's attorney can be heard in
> opposition, and (2) the applicant's attorney certifies to the
> court in writing the efforts, if any, which have been made to
> give the notice and the reasons supporting the claim that
> notice should not be required.

In order for plaintiff to obtain a preliminary injunction, he must show: (1) a substantial

likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if

the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the

injunction may do to the opposing party, and (4) that the court granting the injunction will not dis-

serve the public interest.  Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir.

1981).

In the instant case, plaintiff has failed to meet the requirements set forth above.  The facts

alleged do not appear by affidavit and the motion is not verified by petitioner. Further, plaintiff has not alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result to him. Indeed, the record shows that plaintiff has adequate access to the court. Further, petitioner has failed to comply with the requirements of FRCP 65 (b)(B) requiring reasons why notice to the adverse party should not be required.

<u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's request for temporary restraining order  [**Doc. #3**] be DENIED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. .   A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  No other briefs  (such as  supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a  final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED**

2

**FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT**

**JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 6th day of

October, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3