DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
RECEIVED

NOV ~ 2 2015

TONY R. MOORE, CLERK
BY _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IVORY LANE SIMON (#505008)          DOCKET NO. 15-cv-1882; SEC. P

VERSUS                              JUDGE DRELL

TIM MORGAN, ET AL                   MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Ivory Lane Simon, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 11, 2015. He filed an amended complaint, pursuant to an order of the Court, on September 9, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana.  He complains that certain items of his personal property were taken from him by Defendants and that he was placed in lockdown in retaliation for filing a civil suit against the WNC administration.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that, following a shakedown on December 23, 2014, conducted by Officer Kenneth Venor, Plaintiff was missing one pack of Kool Cigarettes and one package of Halls cough drops, which he had purchased from the commissary. [Doc. #1, p.10] He implies that Venor stole the items.

Plaintiff alleges that, on February 13, 2015, Officer Kenneth Venor and Captain Ward confiscated Plaintiff's legal work, consisting of "evidence, claims, and discovery material relevant to [Plaintiff's] lawsuit...." [Doc. #1, p.10] Plaintiff states that this did not impede his efforts to continue his litigation. [Doc. #11, p.2]

Plaintiff alleges that, on February 22, 2015, Officer Kenneth Venor and Captain Ward removed from Plaintiff's property two packets of breakfast drink mix and one package of Bugler Tobacco, as well as additional unidentified "legal work." [Doc. #1, p.10]

Plaintiff alleges that he filed two grievances, neither of which were answered.  He also conferred with Warden Morgan and Ms. Brenda Smiley about the theft by the officers, and both advised they would "look into" the complaints.  Plaintiff complains that he was never reimbursed for his stolen property. [Doc. #1, p.10]

Finally, Plaintiff complains that, from January 14, 2015, through January 23, 2015, he was placed on lockdown by Officer Kenneth Venor and Captain Ward in retaliation for pending litigation against WNC administration. He was not charged with a disciplinary violation.

### Law and Analysis

Plaintiff claims that he was placed in lockdown in retaliation for filing a lawsuit against WNC Administration. To state a claim for retaliation, a prisoner must allege facts that establish (1) he

exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997)(quoting Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995)), cert. denied, 522 U.S. 995 (1997). Plaintiff concludes that retaliation for filing suit against Venor and Ward and other officials is the only possible reason for him being placed in lockdown. Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." Id. First, Venor and Ward are not defendants in this suit. Moreover, even if they were named as defendants in this suit, Plaintiff had not yet filed this suit against them at the time he was placed in lockdown. Plaintiff's eight day period on lockdown did not deter him from exercising any constitutional right. Plaintiff has not provided any logical or nonconclusory allegations that Venor and Ward intended for eight days in lockdown to serve as retaliation for Plaintiff filing suit against other individuals. Thus, Plaintiff has failed to allege non-conclusory allegations of causation.

To the extent that Plaintiff attempts to raise an access to courts claim for the confiscation of his legal property, his claim fails. The right of access to the courts is not unlimited and includes only a reasonable opportunity to file non-frivolous legal claims challenging the prisoner's convictions or conditions of

confinement.   See Lewis v. Casey, 518 U.S. 343, 351 (1996). Additionally, in order to state a claim that he was denied the right of access to the courts, a plaintiff must demonstrate that his position as a litigant was *actually prejudiced*. See Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996)(per curiam)(citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)). Plaintiff actually states that his position as a litigant was *not* actually prejudiced. [Doc. #11, p.2] Thus, Plaintiff could not make out an access to courts claim.

Plaintiff claims that he was deprived of his personal property by Officers Kenneth Venor and Captain Ward who stole or confiscated his personal items. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 534-35 (1984); Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. Hudson, 468 U.S. at 534-35. Louisiana law provides Plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. La. Civil Code Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the

4

Fourteenth Amendment is not implicated. See Charbonnet v. Lee, 951 F.2d 638 (5th Cir.), cert. denied, 505 U.S. 1205 (1992).

Plaintiff complains that Brenda Smiley and Tim Morgan deprived him of due process. He claims that they advised that they would "look into" Plaintiff's complaints regarding his stolen property, but they failed to do so. He also complains that they failed to respond to certain grievances. An inmate has no constitutional right to a grievance procedure, nor does he have any due process liberty interest in having his grievances resolved to his satisfaction. See Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005).

Plaintiff states in his amended complaint, that Daniel Marr, Dr. Kuplesky, Neda Wilson, and Dr. Hart deprived him of medical care. These claims were not mentioned in Plaintiff's original complaint, and Plaintiff provides no factual allegations to support claims against any of these individuals.

Plaintiff claims that James LeBlanc, Eloise Anderson, John and Jane Doe, Terry Terrell, and Mona Heyse denied him of due process. However, he provides no factual allegations involving these defendants or in support of these claims. Additionally, the claims and defendants were not mentioned in his original complaint.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED, WITH PREJUDICE,** pursuant to 28

U.S.C. §1915(e)(2)(b) and §1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 2nd day of November, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE